JOHN S. GREENIN *vs.* PETER HOEY and JAMES MOORE.

1. In making an exception to the general rule that the court will dissolve an injunction when the equity of the bill has been fully answered, the court will be governed in some degree by the consequences to follow upon the dissolution, and by the conduct of the complainant in prosecuting his suit.

2. There should be some good reason for making an exception to the rule. Where the complainant has not prosecuted his suit with diligence, and no insuperable mischief can be done to the party by dissolving the injunction, the court will not deny the defendant the benefit of his answer.

This case was heard at Newark, April 26th, 1852, on a motion to dissolve the injunction on bill and answer. The facts of the case sufficiently appear in the opinion of the Chancellor.

*Mr. G. Vroom,* for complainant.

*Mr. Schenck,* for defendants.

THE CHANCELLOR. The complainant on filing his bill obtained an injunction against the defendants, to prevent them from selling, leasing or encumbering certain real estate in the county of Middlesex, the subject matter of this controversy. The defendants have filed their answers, severally, to the bill. The motion is made to dissolve the injunction for the reasons —First. That the equity of the bill is answered and fully denied; and Secondly. That the complainant has not prosecuted his suit with diligence.

The complainant was the owner of a farm in the county of Middlesex, consisting of about one hundred and ninety-six acres; and the defendant, Peter Hoey, owned five lots in the village of Williamsburgh, in the State of New York, upon which were five brick dwellings. The complainant bargained

with the defendant Moore, who acted as Hoey's agent, for the exchange of the farm for the dwelling-houses and lots. The agreement was reduced to writing, and mutual conveyances were afterwards made. The bill admits that there was a verbal agreement between the parties respecting the adjustment of the interest due upon the encumbrances mentioned in the written agreement. In the deed from Hoey to the complainant, he covenants against all encumbrances against the property, except mortgages to the amount of six thousand dollars, and the expenses due thereon. The complainant's allegation is, that the defendants deceived him in reference to the amount of interest due on the mortgages, and as to the expenses, which were expenses of foreclosure, amounting to about seventy dollars. The amount in dispute is perhaps three hundred dollars.

The answers fully meet the equity of the bill, and the allegations are all answered in their letter and spirit. This was admitted by the complainant's counsel, but he insisted it was a case where the injunction should be retained, although the equity may be answered. There are certainly exceptions to the general rule, but in making those exceptions, the court will be governed in some degree by the consequences to follow upon the dissolution, and by the conduct of the complainant in prosecuting his suit. There should be some good reason for making an exception to the rule. If no irreparable mischief can ensue, nor any serious injury to the party, the court ought to have grave doubts as to the propriety of dissolving the injunction before they will deny to the defendant the benefit of his answer. I am unable to perceive any reason why, in the case before me, I should deny the motion. A notice of the pendency of this suit, it is admitted, has been filed with the clerk of the county where the lands lie, which will protect the complainant against any subsequent purchaser or mortgagee.

The complainant has not prosecuted his suit with that diligence which entitles him to further favor from the court. The bill was filed on the 23d April, 1851, and the answers on the 8th of July, following. The defendants, at least twice

Greenin v. Hoey and Moore.

before have given notice of motions for dissolution. At one time the then Chancellor was engaged, and could not hear the motion ; and the second time he declined, for satisfactory reasons given to the respective counsel. And yet, notwithstanding this evidence of a determination on the part of the defendants to prosecute any advantages they might have, the complainant has allowed his cause to sleep. For nine months he has not taken a single step to bring the suit to a hearing, by taking evidence, or otherwise.

The motion is allowed, with costs.

CITED *in Stotesbury* v. *Vail*, 2 *Beas.* 394; *Hoagland* v. *Titus*, 1 *McCar.* 82; *Irick* v. *Black*, 2 *C. E. Gr.* 200